# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY a/s/o Life Care Centers of America, Inc.; a/s/o Highland Park ALF Real Estate Investors, LLC and a/s/o Highland Park ALF Operations, LLC,<br><br>              Plaintiff,<br>  v.<br>GOODMAN COMPANY, L.P. (a/k/a GOODMAN MANUFACTURING COMPANY, L.P.; and GOODMAN MANUFACTURING LP)<br><br>   and<br><br>GOODMAN MANUFACTURING COMPANY, L.P. (a/k/a GOODMAN MANUFACTURING LP; and GOODMAN COMPANY, L.P.),<br><br>              Defendants. | Civil Action No. 3:19-cv-00531<br><br>**Judge Campbell**<br>**Magistrate Judge Brown**<br>**JURY DEMAND** |

## INITIAL CASE MANAGEMENT ORDER

A.    JURISDICTION: The court has jurisdiction pursuant to pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy is greater than $75,000.

B.    BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Plaintiff is asserting claims based on strict product liability against Defendants following a July 16, 2018 fire at The Bridge at Hickory Woods, an assisted living facility in Antioch, Tennessee. Plaintiff insured the premises and seeks to recover all claim payments made or to be made arising out of the fire. The cause of the fire was attributed to a design and/or manufacturing defect with a packaged terminal air conditioner/heat pump ("PTAC") that was designed, fabricated, assembled, tested, manufactured, packaged, labeled and sold by Defendants. The PTAC model

involved was the subject of a recall that was first announced on or about March 1, 2018. The total damages are expected to exceed $957,374.00.

For Defendant: Defendants deny that they are liable to Plaintiff under any theory of liability. Defendants deny that the July 16, 2018 fire at The Bridge at Hickory Woods was caused by any action or inaction of either of the Defendants, and deny that the fire was caused by any defect in any product that was attributable to either of the Defendants. Defendants are not strictly liable to Plaintiff, and Plaintiff is not entitled to recover the damages alleged in the Complaint. Defendants aver that the subject fire was caused by superseding or intervening acts or omissions of persons or companies other than Defendants, for whom Defendants are neither responsible nor liable.

  C. ISSUES RESOLVED: Jurisdiction and venue.

  D. ISSUES STILL IN DISPUTE: Liability and damages.

  E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before September 26, 2019.

  F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. On or before November 18 , 2019 the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. Given the nature of this case a private mediator ma be best.

  G. DISCOVERY: The parties shall complete all written discovery by December 31, 2019 and depose all fact witnesses on or before March 31, 2020. Initial written discovery should proceed

promptly (unless otherwise provided for herein) and shall be served by no later than September 30, 2019. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery telephone conference. If the issue cannot be resolved by that conference the parties will be directed to file a formal motion in accordance with the local rules.

      H.      MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than January 17, 2020. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed. There is the possibility of a comparative fault against a foreign company. It that occurs the scheduling order will likely require major revisions.

      I.      DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 30, 2020. The defendant shall identify and disclose all expert witnesses and reports on or before May 29, 2020. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C). Expert depositions shall be completed by June 30, 2020.

J. **SUBSEQUENT CASE MANAGEMENT CONFERENCE.** A subsequent case management conference shall be held telephonically on November 20, 2019, at 10:00 am CT to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Parties will call 877-873-8017 and enter code 1958322# for the call.

K. **DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than August 14, 2020. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L. **ELECTRONIC DISCOVERY.** The parties have not reached an agreement on how to conduct electronic discovery, but will be discussing and anticipate reaching an agreement. Administrative Order No.174-1 therefore need not apply to this case. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

M. **MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in

advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such

language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The JURY trial of this action is expected to last approximately five days. A trial date no earlier than January 12, 2021 is respectfully requested.[1]

It is so **ORDERED**.

/S/ Joe B. Brown
JOE B. Brown
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ Jean Dyer Harrison

_____
Jean Dyer Harrison #19417
Harrison Law Group, P.C.
P.O. Box 160237
Nashville, TN 37216
615 Main St, Ste M10
Nashville, TN 37206
615.322.9191
615.322.1220
Attorney for Plaintiff



/s/ J. Isaac Sanders

_____
J. Isaac Sanders, #29372
NEAL & HARWELL
1201 Demonbreun Street
Suite 1000
Nashville, TN 37203
Phone: 615-238-3649
Fax: 615-726-0573
Attorney for Defendant

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse

consequences, and the Notice should be filed **only if <u>all</u> parties consent** to final disposition by the Magistrate Judge.